801 P.2d 454

**TRANSAMERICA INSURANCE COMPANY, a California corporation, Plaintiff/Appellee,**

v.

**MARYLAND CASUALTY INSURANCE COMPANY, a foreign corporation, Defendant/Appellant.**

**No. 2 CA–CV 90–0049.**

Court of Appeals of Arizona, Division 2, Department B.

May 24, 1990.

Review Denied Dec. 18, 1990.

Rake, Copple, Downey & Black by Sharon E. Reuss, Phoenix, for plaintiff/appellee.

Jennings, Strouss & Salmon by W. Michael Flood, James M. Ackerman, J. Matthew Powell and M. Byron Lewis, Phoenix, for defendant/appellant.

OPINION

LIVERMORE, Presiding Judge.

C.A.N. Film Delivery, Inc., a California corporation and an Interstate Commerce Commission (ICC) licensed carrier, contracted with C.A.N. Film of Arizona, a partnership, for the partnership to deliver films from California to customers in Arizona. The partnership used the ICC certificate of the corporation as authority for the interstate transportation. On one such excursion a fatal accident occurred. The partnership's insurer, plaintiff Transamerica Insurance Co., assumed defense of the action. It settled for policy limits as to all parties save the corporation. The corporation's insurer, defendant Maryland Casualty Insurance Co., subsequently settled the claim against the corporation for $50,000. Transamerica then sued Maryland Casualty for indemnification; Maryland Casualty counterclaimed for reimbursement of the settlement amount and costs of litigation. Maryland Casualty appeals from an adverse summary judgment. We affirm.

■ The basis of the trial court's ruling is that because at the time of the accident the partnership vehicle was being driven on an interstate trip under authority of the corporation's ICC certificate, federal law required that the corporation's insurer be primarily responsible. Maryland Casualty contends that this rule applies only when the vehicles utilizing the ICC authority of a carrier are formally leased by that carrier. We disagree. Under 49 C.F.R. § 1057.2(e), lease is expansively defined as "A contract or arrangement in which the owner grants the use of equipment, with or without driver, for a specified period to an authorized carrier for use in the regulated transportation of property, in exchange for compensation." We believe this extends to any arrangement by which an authorized carrier allows another to utilize its ICC authority for the interstate transportation of goods. Were we to rule otherwise, that transportation could be made by uninsured truckers and the Congressional policy of requiring financially responsible interstate transportation would be defeated. *American Trucking Associations, Inc. v. United States,* 344 U.S. 298, 73 S.Ct. 307, 97 L.Ed. 337 (1953). Authority and responsibility must coincide; so long as the equipment is being used under the authority of an interstate shipper, that shipper is responsible. See *Mellon National Bank & Trust Co. v. Sophie Lines, Inc.,* 289 F.2d 473 (3d Cir. 1961).

■ Once it is determined that the corporation and its insurer is responsible for the loss, *Transport Indemnity Co. v. Carolina Casualty Insurance Co.,* 133 Ariz. 395, 652 P.2d 134 (1982), requires that Maryland Casualty be the primary insurer. Maryland Casualty seeks to avoid this result by arguing that the partnership's oral promise to obtain insurance was a promise to indemnify the corporation and its insurer for any loss. We are cited no authority for this proposition. A promise to obtain insurance is only that. Whether the insurance procured will indemnify another depends on the law of insurance or, in this case, the federal law governing interstate transportation. That law dictates that Maryland Casualty bear the loss.

■ Finally, Maryland Casualty argues that Transamerica breached a duty to it by not settling the claim against the corporation within the policy limits of the partnership. There is nothing to suggest that the corporation and its insurer could not participate in the underlying lawsuit. That they relied on Transamerica whose sole duty was to its own insured, the partnership, did not create a duty to them.

Affirmed. Appellee is awarded its attorneys' fees on appeal in an amount to be determined upon filing the statement required by Rule 21, Ariz.R.Civ.App.Proc., 17B A.R.S.

FERNANDEZ, C.J., and LACAGNINA, J., concur.